UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARDEN,<br><br>        Plaintiff,<br><br>    v.<br><br>SAM WONG,<br><br>        Defendant. | No. 2:20-cv-0238 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. This action proceeds on plaintiff's allegations that Dr. Wong, plaintiff's primary care physician, was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment, and is presently set for settlement conference on August 18, 2020. On May 20, 2020, plaintiff asked the court for a copy of Local Rule 270, and inquired whether there is some form of template for submitting his confidential settlement conference statement.

Plaintiff is advised that Local Rule 270 provides as follows:

> (a) **Setting of Settlement Conferences**. A settlement conference shall be held in all actions unless otherwise ordered by the Court on objection of a party or for other good cause. Counsel shall notify the Court when the settlement conference is set if the litigation is unusual or complex and if there is a need to provide for additional time or special arrangements to ensure that the settlement conference will be meaningful.

1

(b) **Settlement Conferences Before the Assigned Trial Judge or Assigned Magistrate Judge**. Unless all the parties affirmatively request that the assigned trial Judge participate in the conference and waive in writing any claim of disqualification on that basis to act as the trial Judge in the action thereafter, the assigned trial Judge shall not conduct the settlement conference.  See L.R. 240(a)(16). If the assigned Magistrate Judge is not the trial Judge, this Rule does not prohibit the assigned Magistrate Judge from conducting the conference, in his or her discretion, except that, at the time the settlement conference is scheduled or as otherwise ordered by the Court, any party may request that the conference not be conducted by the assigned Magistrate Judge.

(c) **Settlement Conference Statements**. Unless otherwise ordered by the Court, the submission of settlement conference statements before the conference is optional. Statements submitted before the conference are reviewed in preparation for the conference and may assist in achieving the goals of the conference; they should be drafted with that purpose in mind.

(d) **Confidentiality of Settlement Conference Statements**. Settlement conference statements shall not be disclosed to the Judge or Magistrate Judge assigned to try the action unless the parties have agreed, and the Judge or Magistrate Judge has approved, that such Judge or Magistrate Judge will preside at the settlement conference. Settlement conference statements may be e-mailed in .pdf format directly to the courtroom deputy clerk of the Judge or Magistrate Judge before whom the settlement conference is to be held or may be submitted in paper directly to chambers. If the statement is confidential, it must be clearly captioned to reveal its confidential character.  If a party is submitting a confidential settlement conference statement, the party must file a one page document entitled "Notice of Submission of Confidential Settlement Conference Statement." That filing, if done electronically, will thereby effect service of this notice on all other parties. If the notice is filed conventionally, the filing party must serve all other parties. The parties may agree, or not, to serve each other with the settlement statements.

(e) **Return of Settlement Conference Statements**. At the completion of the settlement conference, the Judge or Magistrate Judge before whom the settlement conference is held shall return the statements to the respective parties who submitted them or otherwise dispose of them. Settlement conference statements shall not be filed or made a part of the Court's records.

(f) **Participation of a Principal**.

(1) **United States Not a Party**. In actions in which the United States is not a party, and unless specifically permitted otherwise by the Judge or Magistrate Judge conducting the settlement conference, counsel shall be accompanied in person by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms. When settlement must be approved by a vote of a party's governing body, unless specifically

>> permitted otherwise by the Judge or Magistrate Judge conducting the settlement conference, counsel shall be designated or shall be accompanied in person by a representative designated by the body who shall have learned the body's preconference disposition relative to settlement.
>
> (2) **United States a Party**. In actions in which the United States is a party, the attorney for the United States shall obtain the approval of the United States Attorney to compromise any matter within the authority delegated to the United States Attorney by rule or regulation of the Attorney General. If such delegated authority to approve a compromise settlement is limited by the opposition of another federal agency, a responsible and knowledgeable representative of such agency shall attend the conference. In other actions in which the approval of officials of the Department of Justice in Washington, D.C. is required for a compromise settlement, the attorney for the United States shall, before the settlement conference, attempt to confer with such officials, or their appropriate representatives, to determine the terms and conditions upon which a compromise settlement would be approved. If a tentative compromise settlement that is within such terms and conditions is agreed to at the conference, the attorney for the United States shall promptly recommend it to and seek the required approval of the appropriate official.

E.D. L.R. 270.

Plaintiff is advised that there is no template for filing a confidential settlement conference statement. However, plaintiff should be prepared to discuss how his factual allegations or evidence demonstrate that Dr. Wong was deliberately indifferent, and the damages plaintiff suffered as a result.[1]

---

[1] Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 17) is partially granted.

Dated: May 26, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hard0238.270

---

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

However, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of medical opinion does not demonstrate deliberate indifference to a prisoner's serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).